# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY EDWARD OLSON,

                Plaintiff,

      v.                              Case No. 14-CV-425

ANTHONY MELI,

                Defendant.

## ORDER

Plaintiff Jeffrey Edward Olson, who is incarcerated at Waupun Correctional Institution (WCI), filed this action pro se pursuant to 42 U.S.C. § 1983. On June 18, 2014, United States Magistrate Judge Patricia J. Gorence granted Olson's petition for leave to proceed *in forma pauperis* on an Eighth Amendment claim against WCI Security Director Anthony Meli based on allegations that the disruptive behavior of another inmate has disrupted Olson's sleep for over ten months and Meli refuses to remedy the situation. The case was reassigned to this Court on September 4, 2014.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Olson has consented to United States

magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

Olson has filed two motions: one for preliminary (he calls it temporary) injunctive relief and another to compel the production of documents. With regard to his first motion, Olson asserts that his prison cell has been "randomly" searched five times since he filed this action, far more than the normal one "random" search which occurs every nine or ten months. Olson alleges that Meli is responsible for the harassing searches, including one in which his documents pertaining to this case were searched, and is attempting to intimidate him into withdrawing his case. He seeks an order directing Meli to cease his harassing and intimidating actions.

Meli contends that injunctive relief is not warranted because he is not harassing and intimidating Olson. According to Meli, Olson's cell has been searched only twice since this lawsuit was initiated and both were random cell searches. Regardless, Meli claims that he has not ordered institution staff to search Olson's cell in an attempt to harass and intimidate him nor has he sought to disrupt any of Olson's legal papers with regard to this case. In reply, Olson acknowledges that his "face card" states that only two random cell searches have been conducted since he filed this suit, but asserts that additional searches were done but not recorded.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res.*

*Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)); *see also Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)); *Alston v. City of Madison*, 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint.").

In his complaint, as noted above, Olson seeks damages related to the fact that he was housed nearby a disruptive inmate. Olson's complaint does not present any claim related to allegedly unlawful searches of his cell or any claim for equitable relief, much less a claim seeking to enjoin searches of Olson's cell.

Because the complaint does not seek such relief, there is no scenario whereby the court, in entering judgment following a resolution of the merits of Olson's complaint, would include in that judgment a provision barring Meli, and most certainly not some person or entity that is not a party to this action, from conducting searches of Olson's

cell. Consequently, this court may not grant Olson the temporary injunctive relief he seeks. The causal connection that Olson alleges, i.e. that the "random" searches of his cell are the result of his having filed the present lawsuit, is an insufficient connection to permit the court to consider granting relief in this matter as it presently stands. *See Atakpu v. Lawson*, 2006 U.S. Dist. LEXIS 99983 (S.D. Ohio July 19, 2006) (recommending denial of plaintiff inmate's motion for a temporary injunction regarding alleged retaliatory harassment from prison personnel resulting from plaintiff having brought suit against prison personnel because alleged harassment was unrelated to the denial of medical care claims contained in the complaint), *rec. adopted,* 2006 U.S. Dist. LEXIS 85898 (S.D. Ohio Nov. 28, 2006); *Shaka v. Ryan*, 2014 U.S. Dist. LEXIS 140899, 3-4 (D. Ariz. Oct. 3, 2014) (denying inmate's request for temporary injunction because request for typewriter to prepare legal papers was unrelated to underlying medical claim); *Curreri v. Babue*, 2011 U.S. Dist. LEXIS 44917, 7-8 (D. Ariz. Apr. 19, 2011) (denying plaintiff inmate's request for a temporary injunction barring jail personnel from searching, outside of the inmate's presence, the inmate's legal material related to his claim he was denied medical treatment). Therefore, Olson's motion for a preliminary injunction must be denied.

With regard to Olson's motion to compel, Rule 37 of the Federal Rules of Civil Procedure provides that a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of

documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). However, the movant "must include a certification that [he] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

In support of his motion to compel, Olson asserts that he recognizes the need to protect inmates and is willing to allow that the requested documents be reviewed *in camera* for a judicial determination of relevance. It is not clear what documents Olson is referring to. In any event, he has not included a certification that he attempted to resolve this issue with Meli prior to filing his motion to compel. The plaintiff should attempt to resolve this discovery issue with Meli. If he is unable to do so, he may file a new motion to compel the production of documents, specifying what documents he seeks that Meli refuses to produce, along with a statement of what efforts he made to resolve the discovery dispute with Meli.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for temporary injunction (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel production of documents (ECF No. 35) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of October, 2014.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge