UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY EDWARD OLSON,

    Plaintiff,

v.                                        Case No. 14-CV-425

ANTHONY MELI,

    Defendant.

## ORDER

On July 23, 2015, the court granted defendant's motion for summary judgment as a result of plaintiff Jeffrey Olson's failure to exhaust administrative remedies. The case was dismissed without prejudice. Judgment was entered on July 23, 2015. Olson has filed a motion for reconsideration. The court will deny the motion for the reasons explained in this order.

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent."

*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In support of his motion for reconsideration, Olson contends that he was not required to exhaust administrative remedies because he sought monetary damages. He also contends that the exhaustion requirement was not applicable to him because prison officials deterred him from exhausting by threatening him. Additionally, he contends that summary judgment was inappropriate because there is a factual issue as to the existence of certain relevant materials, which he does not identify.

As an initial matter, Olson's contention that the exhaustion requirement does not apply because he sought monetary damages is wrong. *See Booth v. Churner*, 532 U.S. 731, 736 (2001). Next, Olson is correct that there is a factual dispute as to the existence of documents, namely, Incident Reports and Conduct Reports, *see* ECF No. 69 at 8 n.4. However, the dispute was not material at summary judgment. Those materials would have gone to the merits of the plaintiff's claims, but the court did not get to the merits because it dismissed the case on exhaustion grounds.

Lastly, the court's summary judgment order addressed the plaintiff's argument that Vander Werff threatened him.

First, Olson alleges that on several occasions after his complaint was returned to him on March 3, 2014, he asked unit officers to inform Captain Vander Werff that he wanted to talk with him. (Second Affidavit of Jeffrey E. Olson ¶¶ 1-5, ECF No. 64 at 1.) According to Olson, the officers informed him that Vander Werff did not want to talk with him and that if he continued to insist he would be sent to segregation for disruptive conduct. Olson does not indicate when the officers told him that Vander Werff did not want to speak with him. Presumably, it was before Vander Werff came and saw him personally on April 11, 2014. In any event, the court need not determine the exact timeline. Whenever it happened, Olson obviously was not deterred from continuing to pursue his claim that Oswald was being disruptive by filing the Interview/Information Request form. He simply did not pursue it by resubmitting his complaint to the ICE officer.

In his other affidavit, Olson alleges that on April 11, 2014, Captain Vander Werff told him that he "needed to stop writing to people about that Oswald issue, telling [him] that [he] could face disciplinary action if [he] continued." Olson could have reasonably interpreted this statement to mean that he should not submit another complaint under the ICRS. However, by the time Vander Werff made this threat, Olson had already filed this lawsuit. Although the actual filing date of this lawsuit is April 11, 2014, Olson admits that he submitted his complaint commencing the suit on April 7, 2014. Because inmates must exhaust their administrative remedies before filing suit, see 42 U.S.C. § 1997e(a); *see also Booth*, 532 U.S. at 738-39, Vander Werff's threat obviously was not the cause of Olson failing to exhaust his administrative remedies.

It is not clear why Olson did not resubmit his offender complaint. There is no indication that complaint forms were unavailable. Based on the record, no reasonable fact-finder could conclude that administrative remedies were unavailable to Olson to prevent him from refiling his complaint as directed. The failure to resubmit his complaint means that he failed to exhaust his administrative remedies. *See Woodford*, 548 U.S. at 90, 93 (PLRA requires "proper exhaustion" which "means using all steps

that the agency holds out and doing so properly") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (emphasis in original)).

(ECF No. 69 at 12-13.)

Olson's motion for reconsideration attempts to reargue that Vander Werff's threat prevented him from exhausting his administrative remedies. However, he has not shown that the court's order of July 23, 2015, contained a manifest error of law.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (ECF No. 72) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge